IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D.A. SMITH, | No. 2:13-CV-0665-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).  Pending before the court are plaintiff's motion for summary judgment (Doc. 18) and defendant's cross-motion for summary judgment (Doc. 25).

/ / /

/ / /

/ / /

1

## I.  PROCEDURAL HISTORY

Plaintiff applied for social security benefits on April 27, 2010.  In the application, plaintiff claims that disability began on April 24, 2008.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on November 2, 2011, before Administrative Law Judge ("ALJ") L. Kalei Fong.   In a January 24, 2012, decision, the ALJ concluded that plaintiff is not disabled as of October 2, 2009, based on the following relevant findings:

1. The claimant has the following severe impairment(s): degenerative disc disease of the lumbar and cervical spine with radiculopathy status post lumbar laminectomy; and left shoulder disorder manifested by chronic pain;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity through October 1, 2009:  less than a full range of sedentary work;

4. Considering the claimant's age, education, work experience, and residual functional capacity through October 1, 2009, there were no jobs that exist in significant numbers in the national economy that the claimant could perform;

5. Beginning on October 2, 2009, medical improvement occurred and claimant has the following residual functional capacity: the claimant can perform sedentary work; lift/carry no more than 25 to 30 pounds occasionally and frequently; stand/walk, with normal breaks, for about 4 hours in an 8-hour workday; sit, with normal breaks, for about 6 hours in an 8-hour workday; the claimant is able to climb ramps and stairs occasionally, but is not able to climb ladders, ropes, or scaffolds; the claimant is able to reach overhead occasionally with the left upper extremity; claimant should avoid repetitive bending, stooping, crouching, crawling, and exposure to hazards, including machinery and heights; and

6. Considering the claimant's age, education, work experience, residual functional capacity beginning October 2, 2009, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on January 30, 2013, this appeal followed.

/ / /

/ / /

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  DISCUSSION

In his motion for summary judgment, plaintiff argues, among other things: (1) the ALJ failed to provide reasons for tacitly rejecting limitations assessed by Drs. Hsia and Johnson; and (2) the ALJ erred by failing to fully develop the record.

####    A.     Evaluation of Medical Opinions

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given to the opinion of a non-examining professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester, 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and

legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  See id. at 831.  In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

        1.     Dr. Hsia

As to Dr. Hsia, the ALJ stated:

> In May 2011, Rosalind A. Hsia, M.D., assessed the claimant with lumbar spondylosis with acute L3 and L4 radiculopathies status post decompression; cervical spondylosis with mild spinal canal stenosis at C5-6, and moderate spinal stenosis and severe, bilateral neuroforaminal stenosis at C6-7; and axonal neuropathy of the pudendal nerves (Exhibit 15F).  Dr. Hsia opined that the claimant should have work preclusions of lifting, pushing, carrying, and pulling no more than 20 pounds; that he should not sit for more than 60 minutes; that he should not stand for more than 15 minutes; and that he should not bend at the waist more than twice a day.
>
> The undersigned gives significant weight to Dr. Hsia's medical opinions, as they are based on medical findings on examination of the claimant and are well-supported by medically acceptable and laboratory diagnostic techniques.  Dr. Hsia's determinations are also consistent with other substantial evidence of record.

Plaintiff argues that the ALJ erred by, on the one hand giving Dr. Hsia's opinion great weight and, on the other hand, assigning plaintiff a residual functional capacity less restrictive than would be indicated by Dr. Hsia's limitations, thereby tacitly rejecting without explanation the doctor's opinions that plaintiff is precluded from lifting, pushing, carrying, or pulling more than twenty pounds, sitting more than sixty minutes, standing more than fifteen minutes, and bending at the waist more than twice per day.  Defendant does not address this argument in its brief.

/ / /

/ / /

1    The court agrees with plaintiff.  There are several areas in which the ALJ's
2    residual functional capacity assessment reflects a silent rejection of Dr. Hsia's opinions despite
3    the ALJ having given such opinions significant weight.  Most notably, Dr. Hsia concluded that
4    plaintiff is precluded from sitting more than 60 minutes and made no mention of normal breaks,
5    yet the ALJ determined that plaintiff can sit for six hours with normal break but provided no
6    reasoning to support the less-restrictive limitation.  The ALJ likewise rejected Dr. Hsia's opinion
7    that plaintiff is precluded from standing more than 15 minutes.
8    The matter will be remanded to the agency for proper consideration of Dr. Hsia's
9    opinions.

   2. <u>Dr. Johnson</u>

As to Dr. Johnson, the ALJ stated:

> . . .Matthew D. Johnson, D.O., opined that the claimant was able to lift 10 pounds occasionally; to stand and/or walk for 2 hours in an 8-hour day; to sit for less than 6 hours in an 8-hour day; to push and pull occasionally with the upper extremities; and to never push and pull with the lower extremities.  Dr. Johnson also indicated that the claimant was not able to climb, stoop, kneel, or crouch and that he could not perform repetitive overhead activities with the left shoulder.
>
> The undersigned gives significant weight to Dr. Johnson's medical opinions, as they are based on medical findings on examination of the claimant and are well-supported by medically acceptable and laboratory diagnostic techniques.  Dr. Johnson's determinations are also consistent with other substantial evidence of record revealing that the claimant is able to perform sedentary work.  The undersigned notes that more weight is given to Dr. Yen's opinion that the claimant is able to lift 25 to 30 pounds, as this determination was made by the claimant's treating physician.

As with Dr. Hsia, plaintiff argues that the ALJ erred by giving Dr. Johnson's opinion significant weight yet rejecting certain of the doctor's limitations without explanation.

Again, the court agrees.  In particular, the ALJ erred by failing to discuss Dr. Johnson's assessed limitations to climbing.  According to Dr. Johnson, plaintiff cannot climb.  Dr. Johnson does not limit this restriction to only ladders, ropes, or scaffolds.  The ALJ, however, concluded that plaintiff can occasionally climb stairs, thereby appearing to reject

6

without explanation Dr. Johnson's more restrictive opinion.

The matter will be remanded to the agency for proper consideration of Dr. Johnson's opinions.

### B.     Duty to Develop the Record

The ALJ has an independent duty to fully and fairly develop the record and assure that the claimant's interests are considered. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). When the claimant is not represented by counsel, this duty requires the ALJ to be especially diligent in seeking all relevant facts. See id. This requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978). Ambiguous evidence or the ALJ's own finding that the record is inadequate triggers this duty. See Tonapetyan, 242 F.3d at 1150. The ALJ may discharge the duty to develop the record by subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow for supplementation of the record. See id. (citing Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998)).

As discussed above, the evidence regarding Dr. Johnson's climbing limitation is ambiguous in that it is not clear whether the limitation applies to stairs. The matter will be remanded to allow for further development of the record.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.  CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and/or further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 18) is granted;

2. The Commissioner's cross motion for summary judgment (Doc. 25) is denied;

3. This matter is remanded for further proceedings consistent with this order; and

4. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  September 29, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE