**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES D.A. SMITH, | No. 2:13-CV-0665-CMK |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

_____/

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pending before the court is plaintiff's motion (Doc 29) and supplemental application (Doc. 33) for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").[1]

/ / /

/ / /

---

[1]   Also before the court is defendant's motion (Doc. 29) to strike plaintiff's EAJA fees motion or to hold the motion in abeyance pending expiration of the time to appeal the court's final judgment.  Because the time to appeal has now passed and defendant has filed an opposition to plaintiff's EAJA motion, defendant's motion will be denied as unnecessary.

1   Because this court issued a remand pursuant to sentence four of 42 U.S.C.

2   § 405(g), plaintiff is a prevailing party for EAJA purposes.  See Flores v. Shalala, 42 F.3d 562

3   (9th Cir. 1995).   Under the EAJA, an award of reasonable attorney's fees is appropriate unless

4   the Commissioner's position was "substantially justified" on law and fact with respect to the

5   issue(s) on which the court based its remand.  28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at

6   569.  No presumption arises that the Commissioner's position was not substantially justified

7   simply because the Commissioner did not prevail.  See Kali v. Bowen, 854 F.2d 329 (9th Cir.

8   1988).  The Commissioner's position is substantially justified if there is a genuine dispute.  See

9   Pierce v. Underwood, 487 U.S. 552 (1988).  The burden of establishing substantial justification

10  is on the government.  See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

11  In determining substantial justification, the court reviews both the underlying

12  governmental action being defended in the litigation and the positions taken by the government

13  in the litigation itself.  See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on

14  other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government

15  action was not substantially justified, it is unnecessary to determine whether the government's

16  litigation position was substantially justified.  See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir.

17  1988).  "The nature and scope of the ALJ's legal errors are material in determining whether the

18  Commissioner's decision to defend them was substantially justified."  Sampson v. Chater, 103

19  F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570).

20  In this case, plaintiff argued: (1) the ALJ failed to provide reasons for tacitly

21  rejecting limitations assessed by Drs. Hsia and Johnson; and (2) the ALJ erred by failing to fully

22  develop the record.  As to Dr. Hsia, the court held:

23          The court agrees with plaintiff.  There are several areas in
        which the ALJ's residual functional capacity assessment reflects a silent
24      rejection of Dr. Hsia's opinions despite the ALJ having given such
        opinions significant weight.  Most notably, Dr. Hsia concluded that
25      plaintiff is precluded from sitting more than 60 minutes and made no
        mention of normal breaks, yet the ALJ determined that plaintiff can sit for
26      six hours with normal break but provided no reasoning to support the less-

1   restrictive limitation.  The ALJ likewise rejected Dr. Hsia's opinion that
2   plaintiff is precluded from standing more than 15 minutes.

3   As to Dr. Johnson, the court held:

4           Again, the court agrees.  In particular, the ALJ erred by
    failing to discuss Dr. Johnson's assessed limitations to climbing.
5   According to Dr. Johnson, plaintiff cannot climb.  Dr. Johnson does not
    limit this restriction to only ladders, ropes, or scaffolds.  The ALJ,
6   however, concluded that plaintiff can occasionally climb stairs, thereby
    appearing to reject without explanation Dr. Johnson's more restrictive
7   opinion.

8   Finally, regarding development of the record, the court held: "As discussed above, the evidence

9   regarding Dr. Johnson's climbing limitation is ambiguous in that it is not clear whether the

10  limitation applies to stairs."

11          Restating the arguments raised in earlier briefs, defendant contends that plaintiff is

12  not entitled to EAJA fees because its position was substantially justified.   The underlying

13  government action in this case, however, was not substantially justified because the

14  Commissioner's failure to properly evaluate the medical opinions of Drs. Hsia and Johnson

15  violated the Commissioner's own regulations.  See Shafer v. Astrue, 518 F.3d 1067 (9th Cir.

16  2008); Gutierrez. V. Barnhart, 274 F.3d 1255 (9th Cir. 2001); Corbin v. Apfel, 149 F.3d 1051

17  (9th Cir. 1998).

18          Plaintiff seeks a total award of $8,249.78 ($6,129.08 in original motion and

19  $2,120.70 in supplemental application).  Defendant contends the amount sought in the original

20  motion is not reasonable because: (1) 2.14 hours are claimed for work done prior to filing the

21  action; (2) .28 hours are claimed for clerical tasks; and (3) .49 hours are claimed for work

22  necessitated by counsel's error or delay.[2]  Upon review of the declarations submitted by

23  plaintiff's counsel relating to these specific hours claimed, the court finds defendant's arguments

24

25      [2]     Defendant has not filed any opposition to plaintiff's supplemental application, in
    which plaintiff seeks compensation for attorney's fees associated with litigating the instant
26  motion.

3

1   unpersuasive and somewhat petty.

2          The final issue involved in this fee dispute is to whom the EAJA award should be

3   paid.  Plaintiff requests payment of attorney fees directly to counsel; defendant argues payment

4   must be made to plaintiff personally, unless it is determined that plaintiff does not owe a

5   government debt.  In fact, defendant apparently concedes that once a fee award has been

6   determined, the Treasury will determine whether plaintiff owes a federal debt, and if not the

7   government will accept the assignment of fees and will pay counsel directly.

8          The undersigned agrees that <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521, 2526-27 (2010),

9   holds that an EAJA fee award is payable to the prevailing party, not the attorney, and is thus

10  subject to offset for any debt owed to the government.  To the extent plaintiff argues payment

11  should be made directly to counsel as a representative payee, the court finds it unnecessary to

12  reach such an argument given the Commissioner's concession that if no governmental debt is

13  owed, payment may be made directly to counsel.  The Commissioner states "[i]f, after an EAJA

14  fee is awarded to Plaintiff, Treasury determines that Plaintiff does not owe a federal debt, the

15  government will accept the assignment of EAJA fees and pay fees directly to Plaintiff's counsel."

16  The court accepts this assurance, and once the determination is made as to whether there is an

17  outstanding government debt, payment will be made to counsel.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

4

1        Accordingly, IT IS HEREBY ORDERED that:

2        1.     Plaintiff's motion for EAJA fees (Doc. 29) and supplemental application

3 (Doc. 33) are granted in the amount of $8,249.78;

4        2.     Following the issuance of this order, the government shall determine

5 whether this award is subject to any offset for debts owed to the government; and

6        3.     Pursuant to the Commissioner's assurance, if no debt is owed, the

7 assignment of EAJA fees will be accepted and payment will be made directly to plaintiff's

8 counsel.

9

10 DATED: July 18, 2016

11

12 CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26